**Ralph RICHARDSON, Plaintiff–Appellee,**

v.

**Janet RENO, Attorney General of the United States; Doris Meissner, Commission, Immigration and Naturalization Service; Robert Wallis, Acting District Director, Immigration and Naturalization Service; United States Immigration and Naturalization Service; United States Department of Justice; and Executive Office of Immigration Review, Defendants–Appellants.**

No. 98–4230.

United States Court of Appeals, Eleventh Circuit.

May 4, 1999.

Thomas E. Scott, U.S. Attorney, Dexter A. Lee, Assistant U.S. Attorney, Adalberto Jordan, Miami, FL, David J. Kline, Deputy Director, Office of Immigration Litigation, Ernesto H. Molina, Jr., David V. Bernal,

---

U.S. Dept. of Justice, Washington, DC, for Defendants–Appellants.

Helena Marie Tetzeli, Ira Kurzban, Kurzban, Kurzban, Weinger & Tetzeli, PA, Miami, FL, for Plaintiff–Appellee.

Before CARNES and HULL, Circuit Judges, and HENDERSON, Senior Circuit Judge.

BY THE COURT:

The United States Supreme Court narrowly has restricted the circumstances in which a court of appeals can recall a mandate in a case. *Calderon v. Thompson,* 523 U.S. 538, 118 S.Ct. 1489, 1498, 140 L.Ed.2d 728 (1998). In view of what the Supreme Court instructs in *Calderon,* we deny the Petitioner Richardson's "Application to Withdraw this Court's Mandate and Stay or Summarily Reverse its Decision in light of *Reno v. American–Arab Anti–Discrimination Committee, et al.*"

Since Richardson has filed a petition for certiorari in the Supreme Court, we would welcome, however, an opportunity to revisit our decision in *Richardson v. Reno,* 162 F.3d 1338 (1998), in light of the Supreme Court's decision in *Reno v. American–Arab Anti–Discrimination Committee,* —— U.S. ——, 119 S.Ct. 936, 142 L.Ed.2d 940 (1999) ("*AADC*"), if the Supreme Court should vacate our decision and remand for further proceedings in this case, which would automatically recall the mandate. Unless and until that happens, this Court lacks the authority to decide whether INA § 1252(b)(9) precludes jurisdiction, independently of INA § 1252(g), or any other issues arising in the wake of the *AADC* decision. 8 U.S.C. §§ 1252(b)(9) and 1252(g). *See American–Arab,* 119

S.Ct. at 943; *Richardson,* 162 F.3d at 1345–46, 1354, 1358 n. 99, 1373–74, 1377.